**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL M. WILLIAMS, | No.    15-35333 |
| Plaintiff-Appellant, | D.C. No. 2:14-CV-01289-MAT |
| v. | |
| NANCY A. BERRYHILL, Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted April 6, 2018[**]

Before:    FARRIS, CANBY and LEAVY, Circuit Judges.

Carol M. Williams appeals from the district court's judgment affirming the

decision of the Commissioner of Social Security denying her application for

supplemental security income under Title XVI of the Social Security Act.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we reverse in part and remand for further proceedings.

The administrative law judge ("ALJ") committed reversible error by failing to discuss Mr. Truong's lay testimony.  *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  Even if the ALJ was not required to discuss Mr. Truong's somewhat equivocal opinion on Williams's ability to work because it was neither significant nor probative, *see Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citing another source) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative . . . ."), the ALJ's failure to discuss observations Mr. Truong made about Williams's behavior that were consistent with other evidence in the record and not accounted for in the residual functional capacity ("RFC") assessment was harmful because the Court cannot confidently conclude that no reasonable ALJ, when fully crediting Mr. Truong's testimony, could have reached a different disability determination.  *See Stout*, 454 F.3d at 1056-57.

The ALJ did not err in weighing the March 2011 opinion of treating psychologist Dr. Zimberoff; rather, the ALJ properly discounted it for a specific

and legitimate reason, *see Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (ALJ may discount controverted opinion of treating or examining physician for reasons that are specific and legitimate): it was inconsistent with Dr. Zimberoff's findings when considered in their entirety, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between doctor's opinion and her medical records is valid reason to reject the opinion).  Although Williams challenges the ALJ's finding that Dr. Zimberoff's opinion was inconsistent with other evidence, including her reported activities and statements, she does not explain why the ALJ's finding is erroneous.  Without more, she fails to demonstrate error.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.").

The ALJ did not err in discounting Dr. Zimberoff's May 2012 opinion.  The ALJ reasonably inferred from longitudinal clinical findings that this opinion was "prompted by" Williams's behavior on the day the opinion was written, *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), and properly discounted the opinion for a specific and legitimate reason, *see Ryan*, 528 F.3d at 1198, because this opinion was inconsistent with those longitudinal clinical findings.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)

3

(ALJ permissibly rejected medical opinion for lack of support from medical evidence).

The ALJ committed harmless error in discounting the April 2012 opinion of treating nurse practitioner Mr. Grills and examining psychiatrist Dr. Bankosly. The ALJ wrongly found that this opinion was based on Williams's self-report and unaccompanied by a mental status examination, but these errors were harmless because the ALJ discounted this opinion for other reasons Williams does not challenge, including its inconsistency with treatment notes, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (ALJ permissibly discounted doctor's medical opinion due to "incongruity" with treatment notes), and the limited nature and length of Dr. Bankosly's treating relationship with Williams, *see Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (ALJ may consider length of treating relationship in weighing medical opinion). The remainder of Williams's arguments with respect to this opinion are underdeveloped or unrelated to the ALJ's reasons for discounting it.

The ALJ did not err in weighing the April 2011 opinion of examining psychologist Dr. McDuffee. The ALJ reasonably inferred from indications Dr. McDuffee made on the face of her opinion that Dr. McDuffee relied heavily on Williams's own reports of mood lability and relationship dysfunction, *see Molina*,

4

674 F.3d at 1111 ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), and properly discounted the opinion on this basis, *see Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (where opinion is based "to a large extent" on claimant's unreliable self-reports, the ALJ may discount it). Although Williams argues otherwise, the ALJ did not discount this opinion because it was offered as part of Williams's application for state assistance or because Williams failed to disclose concurrent drug use. In addition, Williams argues that this opinion is consistent with Dr. McDuffee's clinical findings, but her argument is unpersuasive because she does not point to any specific finding and explain how it is consistent with it. *See Indep. Towers of Wash.*, 350 F.3d at 930.

Williams's assertion of error with respect to Dr. McDuffee's May 2012 opinion is unpersuasive because she contradicts one of the ALJ's reasons for discounting it without explaining how that reason is erroneous. *See id.*

Because Williams asserts without any explanation that the ALJ erred in discounting the opinion of examining psychologist Dr. Dees, the Court will not consider this issue. *See id*.

Finally, the ALJ did not err in giving significant weight to the opinion of non-examining psychologist Dr. Kravitz. Specifically, the ALJ was not required to

5

incorporate his opinion that Williams would have "some difficulty with sustainability on more involved tasks," because to Williams's benefit, the ALJ found that she could perform only simple tasks. Similarly, the ALJ was not required to incorporate Dr. Kravitz's opinion that Williams "was restricted to brief and superficial workplace contacts" because the ALJ explicitly declined to adopt this limitation on account of statements Williams made denying interpersonal problems. The rest of Williams's arguments with respect to Dr. Kravitz's opinion lack specificity. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Indep. Towers of Wash.*, 350 F.3d at 930.

The ALJ committed harmless error in discounting Williams's symptom testimony. The ALJ erred by incorrectly stating that the record does not document any complaint of panic attacks, and may have erred by discounting Williams's testimony on the basis that she misrepresented her drug use to treatment providers, *see Trevizo*, 871 F.3d at 679 n.5 (quoting SSR 16-3p) (symptom evaluation should not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness"), but these errors were harmless because Williams fails to demonstrate error with respect to any other reason the ALJ provided, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ's

6

erroneous reason for discrediting claimant's pain testimony deemed harmless in light of "all the other reasons given by the ALJ").

The ALJ properly included in the RFC assessment and hypothetical question to the vocational expert only those limitations he found credible and supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217.

The additional evidence that Williams submitted to the Appeals Council does not affect the ALJ's decision. As the district court pointed out, that evidence relates to events or conditions after the ALJ's decision and is not relevant to the period of claimed disability in issue before the ALJ.

We will not consider Williams's contention that the ALJ erred by failing to account for her hand limitations or in evaluating her shoulder complaints, because Williams did not argue these issues in her opening brief. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). In addition, because Williams did not argue in district court that the ALJ failed to "fully discuss" certain items of medical evidence that she argues are significant because they support the medical opinions of her treating and examining providers, this issue has been waived on appeal. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 n.7 (9th Cir. 2001).

Further proceedings are warranted so that the ALJ can evaluate Mr. Truong's lay testimony and resolve the conflict between it and other evidence in the record.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

**REVERSED in part and REMANDED.**